# EXHIBIT A



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Burk & Reedy, LLP and James Burk **Plaintiff**

vs.

American Guarantee & Liability Insurance Company **Defendant**

Case Number **13-0002630**

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

James Burk
Name of Plaintiff's Attorney

1818 N St NW #400
Address

Washington DC 20036

202.204.5002
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828   Veuillez appeler au (202) 879-4828 pour une traduction   Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요   ያማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

**IMPORTANT:** IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                                           CASUM.doc



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

BURK & REEDY, LLP et al
Vs.                                                              C.A. No.      2013 CA 002630 B
AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                                Chief Judge Lee F. Satterfield

Case Assigned to: Judge JOHN M MOTT
Date: April 12, 2013
Initial Conference: 10:00 am, Friday, July 12, 2013
Location: Courtroom 221
          500 Indiana Avenue N.W.
          WASHINGTON, DC 20001                                                    Caio.doc

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| BURK & REEDY, LLP and JAMES BURK<br>1818 N St., NW, Suite 400<br>Washington, D.C. 20036<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN GUARANTEE & LIABILITY<br>INSURANCE COMPANY<br>165 Broadway, 32nd Floor<br>New York, NY 10006<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

RECEIVED Civil Clerk's Office APR 12 2013 Superior Court of the District of Columbia Washington, D.C.

C.A. No. _____

13-0002630

## COMPLAINT

Plaintiffs BURK & REEDY, LLP (hereafter sometimes "B&R") and JAMES BURK (hereafter sometimes "Burk"), by counsel, and pursuant to, without limitation, SRC Civil Rule § 3, make the allegations set forth below to state their Complaint against Defendant AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY (hereafter sometimes "AGLIC" or "Defendant").

### I.
### INTRODUCTION

1. This Complaint is based on, without limitation, the failure and refusal of AGLIC to fulfill its obligations and duties under a "Lawyers Professional Liability Insurance Policy" to defend and cover Plaintiffs against claims arising out of an alleged rendering or failure to render legal services.

## II.
## PARTIES

2. Plaintiff Burk & Reedy, LLP is a limited liability partnership formed under the laws of the District of Columbia and which has offices at 1818 N St., NW, Suite 400, Washington, D.C.

3. Plaintiff James Burk is a natural person who resides in Bethesda, Maryland.

4. Defendant American Guarantee & Liability Insurance Company is a New York Corporation engaged in the insurance business with its principal place of business located at 165 Broadway, 32nd Floor, New York, NY 10006, and which can be served through its registered agent, CT Corporation, at 1015 15th St. NW, #1000, Washington, D.C. 20005

## III.
## JURISDICTION AND VENUE

5. This Court has jurisdiction over this case pursuant to, without limitation, D.C. Code § 11-921.

6. Personal jurisdiction is invoked pursuant to, without limitation, Sections 13-334 and 13-423(a) of the D.C. Code.

7. Many of the acts alleged in this Complaint arose and occurred in the District of Columbia. Venue is therefore proper in this district.

## IV.
## FACTUAL SUMMARY

8. Plaintiffs were insured by AGLIC under a "Lawyers Professional Liability Insurance Policy" (the "Agreement") at all relevant times beginning on or about October of 1998; specifically, Policy Number LPL 490713407.

9. On or around April 15, 2010, a lawsuit was filed by Gratian Yatsevitch and others against Plaintiffs which alleged, *inter alia*, that Plaintiffs had allegedly committed malpractice

and other acts and omissions arising in part out of an alleged legal representation by Plaintiffs of the claimant in that suit. That lawsuit is styled *Yatsevitch v. Burk*; Case No. 2010 CA 002438 R (RP), in the Superior Court for the District of Columbia ("Yatsevitch Lawsuit"). Plaintiffs have denied and continue to deny that they acted as legal counsel for the claimant in the Yatsevitch Lawsuit with respect to the subject matter of that suit. Nonetheless, the claimant in the Yatsevitch Lawsuit has alleged and continues to allege malpractice claims and other claims based upon an alleged legal representation by Plaintiffs with respect to those matters, and Plaintiffs have been forced to defend themselves against such claims.

10. The Agreement requires AGLIC to "defend any Claim based on an act or omission in the Insured's rendering or failing to render Legal Services for others, seeking Damages that are covered by this policy and/or any Claim alleging Personal Injury made against an insured even if any of the allegations of the Claim are groundless, false or fraudulent" (Agreement at § I(B)). The Agreement further requires AGLIC to "pay on behalf of an Insured, subject to the limit of liability, all amounts in excess of the deductible shown in the Declarations that an Insured becomes legally obligated to pay as Damages and claim Expenses because of a Claim that is both made and reported to the Company during the Policy Period or any extended reporting period based on an act or omission in the Insured's rendering or failing to render Legal Services for others" (Agreement at § I(A)). The term "Claim" is defined under the Agreement as "a demand for money or Legal Services" (Agreement at § VI(A)).

11. Plaintiffs timely notified AGLIC of the Claim on or around May 17, 2010 (which was while the Agreement was still in effect). AGLIC however wrongfully denied and refused to provide coverage for any aspect of the Claim, claiming among other things that because the Yatsevitch Lawsuit also made some allegations concerning certain business dealings between

Yatsevitch and Burk (in addition to the claims of malpractice and other claims arising out of an alleged legal representation), an exclusion in the Agreement somehow excused AGLIC from any obligation to provide coverage for the Claim.

12. As a result of AGLIC's conduct, Plaintiffs have been injured and continue to be injured.

## V.
## CAUSES OF ACTION

### COUNT I – Breach of Contract

13. Paragraphs 1 through 12 are re-alleged and incorporated herein by this reference.

14. Plaintiff B&R entered into a "Lawyers Professional Liability Insurance Policy" (the "Agreement") with Defendant American Guarantee & Liability Insurance Company. Plaintiff Burk is specifically named as an "Insured" under the Agreement and/or is a third-party beneficiary and/or is otherwise entitled to sue upon the Agreement.

15. The Agreement required Defendant American Guarantee & Liability Insurance Company to "defend any Claim based on an act or omission in the Insured's rendering or failing to render Legal Services for others, seeking Damages that are covered by this policy and/or any Claim alleging Personal Injury made against an insured even if any of the allegations of the Claim are groundless, false or fraudulent" (Agreement at §I(B)). The Agreement further required Defendant American Guarantee & Liability Insurance Company to "pay on behalf of an Insured, subject to the limit of liability, all amounts in excess of the deductible shown in the Declarations that an Insured becomes legally obligated to pay as Damages and claim Expenses because of a Claim that is both made and reported to the Company during the Policy Period or any extended reporting period based on an act or omission in the Insured's rendering or failing to render Legal Services for others (Agreement at §I(A)).

16. On or around April 15, 2010 (which was during the time that the Agreement was in effect), Plaintiffs were sued for malpractice, *inter alia*, by someone claiming to be a client of Plaintiffs. Defendant American Guarantee & Liability Insurance Company breached the Agreement by denying coverage with respect to that lawsuit and, despite demand by Plaintiffs, Defendant has continued to breach the Agreement.

17. Therefore, a valid contract existed between Plaintiff B&R and Defendant American Guarantee & Liability Insurance Company, and Plaintiff Burk is a third-party beneficiary and/or is otherwise entitled to enforce the contract. An obligation or duty arose out of this contract. Defendant American Guarantee & Liability Insurance Company breached this obligation or duty, and Plaintiffs sustained damages as a result of this breach.

## COUNT II – Declaratory Judgment

18. Paragraphs 1 through 17 are re-alleged and incorporated herein by this reference.

19. Plaintiffs request that the Court enter a declaratory judgment as to the rights and status of Plaintiffs. Specifically, and without limitation, Plaintiffs request that the Court declare that Defendant is obligated under the Agreement to provide a full defense for Plaintiffs in the Yatsevitch Lawsuit. Plaintiffs further request that the Court declare that Defendant is obligated to pay, subject to the limit of liability, all amounts in excess of the deductible shown in the Declarations section of the Agreement that Plaintiffs become legally obligated to pay as damages and claim expenses in connection with the Yatsevitch Lawsuit.

## VI.
## DAMAGES

20. Paragraphs 1 through 19 are re-alleged and incorporated herein by this reference.

21. As a proximate, producing and direct result of the acts of Defendant as pleaded hereinabove, without limitation, Plaintiffs have suffered the following damages, without limitation:

(a) any and all past and future actual, economic, direct, incidental, consequential, general and special damages, out-of-pocket damages, benefit-of-the-bargain damages, reliance damages, expectation damages, restitution damages, and all damages in equity associated with, produced and/or proximately caused by Defendant's unlawful conduct as more specifically described hereinabove;

(b) any and all reasonable and necessary mitigation expenses;

(c) attorneys' fees;

(d) pre-judgment and post-judgment interest at the highest rate allowed by law;

(e) costs of court; and

(f) all other damages of any kind, whether in equity or at law, to which Plaintiffs may be entitled to and as may be proved at trial.

22. The above-enumerated damages and any additional damages at law or in equity that may be proved at trial are within the jurisdictional limits of this Court.

## VII.
## SATISFACTION OF CONDITIONS PRECEDENT

23. Paragraphs 1 through 22 are re-alleged and incorporated herein by this reference.

24. All conditions precedent, if any, to recovery have been satisfied by Plaintiffs as of the time of the filing of this Complaint.

## VIII.
## NOTICE OF REQUIREMENT OF LITIGATION HOLD

25. Paragraphs 1 through 24 are re-alleged and incorporated herein by this reference.

26. Defendant is hereby notified that Defendant is legally obligated to locate, preserve and maintain, without limitation, all physical evidence, testing data, records, documents, data, and communications that Defendant knows, or reasonably should know, may be relevant to actual or potential claims, counterclaims, defenses and damages by any party or potential party in this lawsuit, whether created or residing in hard copy form or in the form of electronically stored information (hereafter collectively referred to as "Potential Evidence").

27. As used above, electronically stored information includes without limitation: computer files (and file fragments), e-mail (both sent and received, whether internally or externally), information concerning e-mail (including but not limited to logs of e-mail history and usage, header information, and deleted but recoverable e-mails), text files (including drafts and revisions, and active and deleted word processing documents), instant messages, audio recordings, video footage, spreadsheets, databases, calendars, telephone logs, contact manager information, internet usage files, and all other information created, received or maintained on any and all electronic sources and media, including, without limitation, any and all hard disks, removable media, peripheral computer or electronic storage devices, laptop computers, mobile phones, personal data assistant devices, Blackberry devices, and any and all other locations where electronic data is stored. These sources may also include the personal electronic and storage devices of Defendant's agents or employees if Defendant's electronically stored information resides there.

28. Defendant is hereby further notified and forewarned that any alteration, destruction, negligent loss, or unavailability, by act or omission, of any Potential Evidence may result in damages or a legal presumption by the Court that the Potential Evidence is not favorable to Defendant's defenses and/or counterclaims. To avoid such a result, Defendant's preservation

duties requires Defendant to, without limitation, immediately notify their agents and employees and to halt and/or supervise the auto-delete functions of Defendant's electronic systems.

## IX.
## JURY DEMAND

29. Paragraphs 1 through 28 are re-alleged and incorporated herein by this reference.

30. Pursuant to D.C. Super. Ct. R. Civ. P. 38, without limitation, Plaintiffs and a jury trial as to all issues triable by a jury, and as of the time of the filing of this Complaint Plaintiffs have complied with all requirements of D.C. Super. Ct. R. Civ. P. 38 and any and all other rules and procedures relating to this demand for a jury trial.

## X.
## PRAYER

31. Paragraphs 1 through 30 are re-alleged and incorporated herein by this reference.

32. WHEREFORE, PREMISES CONSIDERED, Plaintiffs James Burk and Burk & Reedy, LLP respectfully request that the Court enter judgment in Plaintiffs' favor and against Defendant American Guarantee & Liability Insurance Company, as follows:

(a) liability against Defendant with respect to each and every cause of action alleged above, including without limitation (a) breach of contract; and (b) declaratory judgment;

(b) that the Court enter a declaratory judgment and declare that (i) Defendant is obligated under the Agreement to provide a full defense for Plaintiffs in the Yatsevitch Lawsuit; and (ii) Defendant is obligated to pay, subject to the limit of liability, all amounts in excess of the deductible shown in the Declarations section of the Agreement that Plaintiffs become legally obligated to pay as damages and claim expenses in connection with the Yatsevitch Lawsuit;

(c) all past and future actual, economic, direct, incidental, consequential, general and special damages, out-of-pocket damages, benefit-of-the-bargain damages, restitution damages, expectation damages, reliance damages, and all damages in equity associated with, produced and/or proximately caused by Defendant;

(d) Plaintiffs' reasonable mitigation expenses;

(e) reformation;

(f) specific performance;

(g) attorney's fees;

(h) pre-judgment and post-judgment interest;

(i) court costs; and

(j) all other and further relief, whether in equity or at law, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

*James E Burk*

James E. Burk
(D.C. Bar # 187963)
1818 N Street, NW
Suite 400
Washington, DC 20036
Tel: (202) 204-5002
Fax: (202) 318-7151
Email: jburk@burkreedy.com

/s/ Thomas W. Farquhar

Thomas W. Farquhar, Esq.
(D.C. Bar # 4077)
717 D Street, N.W.
Suite 300
Washington, D.C. 20004
Tel: (202) 543-2250
Fax: (202) 776-0394
Email: twf2@verizon.net

**Attorneys for Plaintiffs**